**JAPAN CENTRAL EXCHANGE & INDEM-NITY INS. CO. OF NORTH AMERICA v. PILLSBURY et al.**

No. 31056.

United States District Court
N. D. California, S. D.

July 21, 1952.

Leonard, Hanna & Brophy, James P. Shovlin, Jr., Harold J. Scott, San Francisco, Cal., for plaintiffs.

Chauncey Tramutolo, U. S. Atty., Macklin Fleming, Asst. U. S. Atty., San Francisco, Cal., for defendants.

GOODMAN, District Judge.

Plaintiffs seek to set aside a compensation award made by the defendant Warren H. Pillsbury, as Deputy Commissioner for the Thirteenth Compensation District of the Bureau of Employees' Compensation, United States Department of Labor, and to enjoin further proceedings by the Deputy Commissioner. The defendants move to dismiss plaintiffs' complaint.

Plaintiffs assert three grounds for the setting aside of the Deputy Commissioner's order. Because it is dispositive of the cause, I give consideration to only one ground, namely, that the illness and death of the employee, to whose dependents the Deputy Commissioner ordered compensation, did not arise out of or in the course of his employment.

The record before the Deputy Commissioner discloses the following undisputed facts:

One Emile Penoli, an employee of plaintiff, Japan Central Exchange, in the Kokura area in Japan, while so employed in the latter part of June 1950, was hospitalized for amebiasis, also known as amoebic dysentery, and died therefrom on July 14, 1950.

Penoli had been in the United States Army stationed in Korea, Guam and Japan, from 1947 continuously until shortly prior to April 25, 1950, when he became, while still in Japan, a warehouseman in the employ of the Japan Central Exchange.

Japan Central Exchange was a civilian enterprise located upon a military base acquired by the United States Armed Forces in Japan.

The Deputy Commissioner made a finding as follows:

"that amebiasis is considerably more prevalent in Oriental areas and in areas of lower sanitary standards than in the continental United States, and was so prevalent in Japan at said time and constituted a risk of employer requiring employee to live in such areas, and that, therefore, said illness constituted an injury arising out of and in the course of the employment of the said Emile Penoli."

The evidence upon which the foregoing finding was based consisted of three letters, included in the record as Exhibit E, first session, and Exhibits D and E, second session.

Exhibit E, first session, was a letter dated February 20, 1951 from Lt. Colonel P. Lowry, Chief of the Administration Division, Japan Logistical Command, to the Bureau of Employees' Compensation, United States Department of Labor. The pertinent paragraph in the letter reads as follows:

"You have also asked for information regarding the living conditions made available for Mr. Penoli. This employee was living in authorized billets for Department of the Army Civilian employees in the 'Jono' area at Kokura. These billets are subject to regular inspection by sanitation officials of the Occupation Forces, and connecting mess facilities are similarly inspected. There were no other amoebic cases reported at that time among any of our employees billeted in Kokura, nor any subsequent cases. However, such evidence, of course, is not necessarily conclusive."

Exhibit D, second session, was a letter dated April 28, 1951 from Captain James M. Hicks, Japan Logistical Command to the Deputy Commissioner, defendant Pillsbury. The pertinent paragraph in this exhibit is as follows:

"On the assumption that Kokura was within the Yokohama area, Mr. Gelfo was asking us to send you information as to the prevalence of Amoebiasis cases in this area from January 1950 to July 1950. However, inasmuch as Kokura is a considerable distance from here, we are unable to get this information. On the other hand, we have been able to obtain from the Japanese government statistics relating to the number of Japanese Nationals who died as a result of Amoebiasis (amoebic dysentery) from January 1950 to December 1950, namely five hundred nineteen (519).[1] We do not have a breakdown for the Kokura area."

Exhibit E, second session, was a letter dated July 26, 1951 from Colonel S. W. French, III, Chief, Surgical Service, 118th Station Hospital, to Mr. A. F. Klaiber, Casualty Claims Department, Indemnity Insurance Co. of North America, plaintiff. The pertinent paragraphs thereof are as follows:

"I am in receipt of your letter of July 18, 1951 regarding Emile V. Penoli. In reply to your two specific questions, the first one being, whether there was exposure to amebiasis in this employee's occupation as storekeeper

---

1. 164 residents of the United States died of the same disease in the year 1949.

for the Japan Central Exchange during the two months he was with that organization, may I state that everybody in Japan or the Far East is exposed to amebiasis in some manner almost continuously. Depending on how careful a particular individual is about his eating and drinking habits will determine whether that person will probably come down with amebiasis.

"Your next question as to whether this employee could have contracted amebiasis and progressed to the extent that was found by me on operation on July 7, 1950, within a two month period—it is possible that the pathology present at operation could have been incurred in the short period of two months, but in view of the history of having been stationed in Korea, Guam and Japan from 1947 to 1950 while a member of the Armed Forces, one would rather believe that his disease was contracted prior to the time he joined the Japan Central Exchange, although, I cannot categorically state that this is a fact. In other words, there still remains a possibility that his disease was contracted during the period he was employed by the Japan Central Exchange, although, the probabilities are that it was contracted prior to this time."

From the foregoing, which is the only evidence in the record before the Deputy Commissioner on the subject, the Deputy Commissioner made the finding aforesaid.

Unless the foregoing constituted some evidence that the deceased's employment exposed him to a risk which caused injury or illness, there is no basis for the finding and award of the Deputy Commissioner. Since the foregoing excerpts from the three exhibits constitute the only evidence before the Deputy Commissioner on the subject, I am compelled to conclude that there was no evidence before the Deputy Commissioner upon which the finding made by him may be sustained. There is not the slightest evidence that during the period of his employment, at any time, the deceased was exposed in the area, wherein he resided or worked, to the hazard of amoebic dysentery. Not

any more so than to pneumonia, influenza or any other disease. Particularly is this so inasmuch as he had continuously been in Korea, Guam and Japan prior to his employment by the Exchange in the Kokura area. He cannot be said to have been exposed by his employment or the place thereof, to any greater or different risk than theretofore. Only surmise, conjecture or speculation can support the finding. This cannot be justified even by the liberal rules we have with respect to the conclusiveness of a Deputy Commissioner's findings of fact. No basis can be found for sustaining the award made, upon the record before him.

Consequently, defendant's motion to dismiss is denied, the order of the Deputy Commissioner of November 1, 1951 is set aside and defendants are enjoined from hereafter enforcing said award.